FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAASS LAW,<br>        *Appellant*,<br>    v.<br>WELLS FARGO BANK, N.A., a<br>National Association,<br>        *Appellee.* | No. 13-56099<br><br>D.C. No.<br>2:12-cv-08356-<br>RGK-JC<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted
April 6, 2015—Pasadena, California

Filed August 27, 2015

Before: Andrew J. Kleinfeld, M. Margaret McKeown,
and Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY[*]

### Sanctions

Reversing the district court's decision to grant Well Fargo's motion for sanctions against Kaass Law pursuant to 28 U.S.C. § 1927, and vacating the order imposing sanctions, the panel held that § 1927 does not permit the imposition of sanctions against a law firm.

### COUNSEL

Vahag Matevosian (argued), Armen Kiramijyan, Kaass Law, Glendale, California, for Appellant.

Kerry W. Franich (argued), Severson & Werson, Irvine, California; Jan T. Chilton, Severson & Werson, San Francisco, California, for Appellee.

### OPINION

M. SMITH, Circuit Judge:

In this appeal, Appellant Kaass Law challenges the district court's decision to grant Appellee Wells Fargo's motion for sanctions against it pursuant to 28 U.S.C. § 1927. We hold that 28 U.S.C. § 1927 does not permit the imposition

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

of sanctions against a law firm, and we reverse the decision of the district court, and vacate its order imposing sanctions.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. The Complaint and Motion to Dismiss

On September 27, 2012, Armen Kiramijyan, an attorney with Kaass Law, filed a complaint on behalf of Plaintiff Izabell Manukyan against 10 different defendants, including Wells Fargo Bank. The complaint made various allegations relating to certain adverse information the defendants had reported to credit agencies, who then reflected the adverse information on Plaintiff's credit report. On October 29, 2012, Wells Fargo moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Instead of responding to Wells Fargo's motion to dismiss, or any of the motions to dismiss filed by the other defendants, on October 30, 2012, Mr. Kiramijyan filed a motion to amend the initial complaint, and attached a proposed first amended complaint. On November 11, 2012, Wells Fargo filed a notice of non-opposition to its motion to dismiss Plaintiff's complaint.

On December 11, 2012, the district court granted Wells Fargo's motion to dismiss, and denied Plaintiff's motion to amend. The district court held that "Plaintiff's Complaint, as a whole, is procedurally deficient because it does not differentiate between Defendants and makes no mention of any specific acts made against an individual Defendant. Thus, on its face, the Complaint fails to comply with Rule 8 and fails to put Defendants on notice of their supposedly improper conduct." The district court also held that Plaintiff's proposed amended complaint "does not rectify the

4          KAASS LAW V. WELLS FARGO BANK

Complaint's failure to comply with Rule 8, rendering amendment futile."

## II. Prior Proceedings in the Action for Sanctions

On March 21, 2013, the district court's judgment dismissing Wells Fargo from the action was filed. Thereafter, Wells Fargo filed a motion to recover $11,236.50 in attorneys' fees and costs from Kaass Law and the named Plaintiff, pursuant to 28 U.S.C. § 1927. Wells Fargo contended that Kaass Law's "litigation conduct undoubtedly 'multipl[ied] the proceedings in any case unreasonably and vexatiously' thereby constituting bad faith." Specifically, Wells Fargo argued that Kaass Law had acted in bad faith by: 1) filing a complaint and amended complaint that failed to differentiate Wells Fargo from the other defendants, and failed to provide factual allegations identifying the inaccurate information; 2) failing to communicate its intent to file a motion for leave to amend, and then filing a motion for leave to amend the day after Wells Fargo filed a motion to dismiss; 3) failing to oppose Wells Fargo's motion to dismiss; 4) and engaging in a pattern and practice of filing similar "canned" and "boilerplate" complaints, in the same manner as Kaass Law's "predecessor," attorney Arshak Bartoumian, had done.

The district court granted the motion in part, and denied it in part. While the district court declined to award fees against the Plaintiff, it ruled that "Kaass Law acted in bad faith by knowingly raising frivolous arguments against Wells Fargo and other defendants," and granted the motion against Kaass Law. The district court noted that "Wells Fargo provides sufficient evidence that Kaass Law acted in bad faith," including "its failure to plead specific allegations or differentiate between defendants in the Complaint; its failure

to oppose defendants' motions to dismiss; and its failure to meet and confer or communicate with opposing counsel." Additionally, the district court concluded that in attempting to file a first amended complaint, Kaass Law had "failed to correct the glaring pleading and legal errors identified by defendants, thereby recklessly and knowingly multiplying the proceedings in this action."

The district court reduced the hours claimed by Wells Fargo's attorneys, Scott J. Hyman and David Berkeley, from 14.4 hours to 10 hours for Mr. Hyman, and from 22.5 hours to 18 hours for Mr. Berkeley, but then awarded Wells Fargo a total of $8,480 in attorneys' fees.

This timely appeal followed.

## STANDARD OF REVIEW AND JURISDICTION

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We review all aspects of an award of § 1927 sanctions for an abuse of discretion." *GRiD Sys. Corp. v. John Fluke Mfg. Co.*, 41 F.3d 1318, 1319 (9th Cir. 1994) (per curiam); *United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1345 (9th Cir. 1985). The construction or interpretation of 28 U.S.C. § 1927 is a question of law, and is reviewed de novo. *See Miranda v. Anchondo*, 684 F.3d 844, 849 (9th Cir. 2011).

## DISCUSSION

Kaass Law makes two principal arguments on appeal. It first contends that the district court abused its discretion by imposing sanctions pursuant to 28 U.S.C. § 1927 because sanctions under that statute can only be made against an

| 6 | KAASS LAW V. WELLS FARGO BANK |
|---|---|

individual attorney, and not against a law firm. This argument was raised for the first time on appeal. Second, Kaass Law argues that 28 U.S.C. § 1927 only permits an award of sanctions for conduct that multiplies the proceedings, not for the filing of initial pleadings or the ordinary costs of litigation. Kaass Law contends that its second argument undermines the district court's finding of bad faith.

We agree with Kaass Law's first argument, and therefore do not reach the second one. We hold that the district court abused its discretion when it imposed sanctions against a law firm pursuant to 28 U.S.C. § 1927.

**I. Argument Raised for the First Time on Appeal**

Initially, we must determine whether we can consider Kaass Law's argument concerning the permissibility of awarding sanctions against a law firm pursuant to 28 U.S.C. § 1927 because the issue was raised by Kaass Law for the first time on appeal.

"Ordinarily, an appellate court will not hear an issue raised for the first time on appeal." *Cornhusker Cas. Ins. Co. v. Kachman*, 553 F.3d 1187, 1191 (9th Cir. 2008) (internal quotation omitted). "There are, however, four exceptions to this rule, where: (1) there are exceptional circumstances why the issue was not raised in the trial court; (2) new issues have become relevant while the appeal was pending because of [a] change in the law; (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court; or (4) plain error has occurred and injustice might otherwise result." *United States v. Echavarria-Escobar*, 270 F.3d 1265, 1267–68 (9th Cir. 2001).

KAASS LAW V. WELLS FARGO BANK　　　　7

Kaass Law contends that because it "is not an attorney, nor is it a person admitted to conduct cases in courts, the district court erred in imposing sanctions against it pursuant to Section 1927." Because this argument falls under the third exception noted in *Echavarria-Escobar*, we can consider it on appeal, and we need not consider the other exceptions. Whether a law firm may be sanctioned under 28 U.S.C. § 1927 is "purely" an issue of law. Moreover, Wells Fargo will not suffer prejudice if we address it for the first time on appeal. There is nothing in the record to suggest that Wells Fargo would "have presented new evidence or made new arguments" if the issue had been raised below. *United States v. Rubalcaba*, 811 F.2d 491, 493 (9th Cir. 1987).

**II. Sanctions Pursuant to 28 U.S.C. § 1927**

The statutory language of 28 U.S.C. § 1927 authorizes sanctions against "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory." While we have held that 28 U.S.C. § 1927 does not permit the awarding of sanctions against an individual employed by attorneys or against a client, we have not previously addressed whether a law firm may be considered an "attorney or other person admitted to conduct cases." Based on our review of the plain language of the statute, and our consideration of the persuasive reasoning of some of our sister circuits, *infra*, we hold that 28 U.S.C. § 1927 does not permit the award of sanctions against a law firm.

In *Federal Trade Commission v. Alaska Land Leasing, Inc.*, we overturned sanctions awarded by a district court pursuant to 28 U.S.C. § 1927 against a financial consultant employed by attorneys representing two of the parties to the suit. 799 F.2d 507, 508–10 (9th Cir. 1986). In vacating the

sanctions, we held that "[s]ection 1927 does not authorize recovery from a party or an employee, but '*only* from an attorney or otherwise admitted representative of a party.'" *Id.* at 510 (quoting *1507 Corp. v. Henderson*, 447 F.2d 540, 542 (7th Cir. 1971) (emphasis in original)). In *Sneller v. City of Bainbridge Island*, we also overturned an award of sanctions pursuant to § 1927 because "[t]he sanction here was imposed jointly on counsel and the client, but § 1927 authorizes sanctions only upon counsel." 606 F.3d 636, 640 (9th Cir. 2010).

In *Claiborne v. Wisdom*, the Seventh Circuit considered "whether a law firm is subject to sanctions under § 1927," and held that "[i]ndividual lawyers, not firms, are admitted to practice before both the state courts and the federal courts. . . . It is too much of a stretch to say that a law firm could also be characterized as such a person." 414 F.3d 715, 722–23 (7th Cir. 2005). The Seventh Circuit further reasoned:

> Our conclusion has the virtue of being consistent with the rationale the Supreme Court used in *Pavelic & Le Flore v. Marvel Entertainment Group*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed 2d 438 (1989), when it considered the question whether sanctions were possible against a law firm under an earlier version of FED. R. CIV. P. 11. (The rule was amended as of December 1, 1993, to ensure that law firms could be subject to sanctions under its authority.) In *Pavelic & Le Flore*, however, the Court had to construe language that permitted sanctions only against "the person who signed" the offending document. . . . The Supreme Court [found]

KAASS LAW V. WELLS FARGO BANK 9

>   that in context the phrase "the person who signed" could only mean the individual signer, not his partnership, either in addition to him or in the alternative. The language of § 1927 raises exactly the same problem as the earlier version of Rule 11.

*Id*. at 723.

We find this reasoning persuasive. Indeed, as the Seventh Circuit observes, Federal Rule of Civil Procedure 11 now explicitly allows sanctions "on any attorney, *law firm*, or party that violated the rule or is responsible for the violation," (emphasis added) whereas 28 U.S.C. § 1927 does not. Such a rationale is further supported by the principle of statutory construction, "expressio unius," and we hold that the "specificity and precision" of § 1927, allowing for sanctions only against "attorneys" or "other person admitted to conduct cases" was designed to exclude sanctions against a law firm. *See Longview Fibre Co. v. Rasmussen*, 980 F.2d 1307, 1312–13 (9th Cir. 1992).

The Sixth Circuit also found that "[e]ven if [a] firm[ ] can admittedly be personified in a literary sense through briefs, there is no reason to consider a law firm a 'person' under [§ 1927]," and confirmed that "28 U.S.C. § 1927 does not authorize the imposition of sanctions on law firms." *BDT Prods., Inc v. Lexmark Int'l, Inc.*, 602 F.3d 742, 750–51 (6th Cir. 2011).

We are not persuaded by the reasoning of those of our sister circuits that have upheld sanctions against law firms pursuant to 28 U.S.C. § 1927, to the extent that they express or imply a contrary view. The Eleventh Circuit seemingly

conflated the sanctioning powers in two different rules when it upheld sanctions against lead counsel and his law firm pursuant "to the bad-faith exception, 28 U.S.C. § 1927, and Federal Rule of Civil Procedure 11." *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991). The Third Circuit sanctioned a law firm pursuant to 28 U.S.C. § 1927 before Fed. R. Civ. P. 11 was amended to explicitly include law firms, and did not address the limiting statutory language of 28 U.S.C. § 1927. *Baker Indus., Inc. v. Cerberus Ltd.*, 764 F.2d 204, 209 (3d. Cir. 1985).

The Second Circuit permitted a district court to impose sanctions against a law firm, but seemed to buttress its reasoning on the inherent powers of the district court, not on the express language of 28 U.S.C. § 1927:

> We disagree with [the law firm]'s assertion that the District Court was without authority under 28 U.S.C. § 1927 to award sanctions against the "firm as a whole" for the "actions of various lawyers." As an initial matter, the District Court imposed sanctions pursuant to both its inherent powers and § 1927. There is no serious dispute that a court may sanction a law firm pursuant to its inherent power. We see no reason that a different rule should apply to § 1927 sanctions, and, in any event, we have previously upheld the award of § 1927 sanctions against a law firm. . . . In sum, nothing in the language of 28 U.S.C. § 1927, in our case law regarding that statute or a district court's inherent powers, or in counsel's actions in this case leads us to think that the District Court was without authority

KAASS LAW V. WELLS FARGO BANK 11

>   to impose sanctions on [the law firm] as a whole.

*Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 147–48 (2d Cir. 2012).

We believe the Second Circuit misconstrues the language of 28 U.S.C. § 1927, which limits sanctions to attorneys and other persons admitted to conduct cases, and does not expressly provide the district court authority to sanction a law firm. The Second Circuit's conclusory statements that "nothing in the language" of the statute forecloses the imposition of sanctions against a law firm and that "sister circuits" have reached the same result is particularly unpersuasive because the court apparently ignored the plaintiffs' citations to *Pavelic*, *Claiborne*, and *BDT Products*. *See* Brief for Appellant at 49, *Enmon*, No. 10-2811-cv (2d Cir. Nov. 12, 2010), 2010 WL 4715535. We believe that if Congress had intended to permit federal courts to impose sanctions against law firms pursuant to 28 U.S.C. § 1927, it would have included an express authorization to do so in the statute.

Wells Fargo urges us to affirm because "the district court's sanctions award against Kaass is supported under" its "inherent authority." But Wells Fargo did not request that the district court impose sanctions under its inherent authority, and the court only cited 28 U.S.C. § 1927 in its order imposing sanctions. "We have previously held that 'the conduct in question must in fact be sanctionable *under the authority relied upon*.'" *GRiD Sys. Corp.*, 41 F.3d at 1320 (quoting *Matter of Yagman*, 796 F.2d 1165, 1183 (9th Cir. 1986)) (emphasis in original). "The court here relied on § 1927; as §1927 cannot support the sanctions, the sanctions

cannot stand." *Id*.; *see also Alaska Land Leasing, Inc.*, 799 F.2d at 510 ("Since the district court based its imposition of sanctions exclusively on its authority under § 1927, we have no basis to review the propriety of sanctions under alternative theories."). In light of our conclusion that 28 U.S.C. § 1927 does not support the imposition of sanctions against Kaass Law, we need not address its argument that its conduct did not merit sanctions under any authority.

The district court abused its discretion by sanctioning Kaass Law, a law firm, pursuant to 28 U.S.C. § 1927.

## CONCLUSION

We reverse the decision of the district court, and vacate the order imposing sanctions against Appellant Kaass Law. Each party shall bear its own costs on appeal.

**REVERSED.**